IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
FILED AT ALBUQUERQUE NM

AUG 1 9 1999

ROBERT M. MARCH
CLERK

DAVID CRAWFORD,

   Plaintiff,

v.                                              No. CIV-99-0656 LH/KBM

JOHN SHANKS, DIRECTOR OF NEW MEXICO
CORRECTIONS DEPARTMENT,
JEFF SERNA, INTERSTATE COMPACT
ADMINISTRATOR OF THE NEW MEXICO
CORRECTIONS DEPARTMENT,

   Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir.



1992).

The complaint alleges that Plaintiff was transferred from New Mexico to an Illinois correctional facility. The Illinois facility's law library does not have adequate New Mexico legal materials to enable Plaintiff to pursue post-conviction remedies or challenge his conditions of confinement. Inmate legal assistants in Illinois are not trained to provide adequate assistance, and New Mexico officials will not respond to Plaintiff's requests for materials. Furthermore, since his transfer Plaintiff has been denied access to educational and employment programs, and he has not received a classification hearing. Plaintiff claims Defendants' conduct has denied him access to the courts and has violated various other federal and state constitutional and statutory provisions. The complaint seeks damages and injunctive relief in the form of an order requiring that Defendants comply with pertinent legal obligations or transfer Plaintiff back to New Mexico.

Plaintiff's claim for denial of access to the courts requires that he "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), resulting from officials' actively interfering with his attempts to prepare and file legal documents. *Id.* at 350. A transferring state retains certain obligations in this context, *Clayton v. Tansy*, 26 F.3d 980, 982 (10th Cir. 1993), but the Supreme Court's "main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.'" *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). Plaintiff's § 1983 action may not be based on claims of an "abstract, free-standing right to a law library or legal assistance,... [or] that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Lewis*, 518 U.S. at 351. Here, Plaintiff's allegations fall precisely within the *Lewis* proscription, and he has filed a logical, coherent complaint, even citing to specific New Mexico statutory provisions. He does not allege any active interference with

his preparation and filing of papers. Because the Constitution does not ensure the access requested by Plaintiff, *Id.* at 350, this claim will be dismissed.

No relief can be granted on Plaintiff's claims of exclusion from prison educational and job programs, or for denial of a classification hearing, by Illinois corrections personnel. These allegations fail affirmatively to link the named New Mexico Defendants to the alleged deprivations. To succeed on a complaint brought pursuant to 42 U.S.C. § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *Meade v. Grubbs*, 841 F.2d 1512, 1527-28 (10th Cir. 1988). Plaintiff makes no such allegation here, only that Defendants failed to comply with alleged contractual or statutory obligations to ensure certain levels of housing and care for inmates transferred out of state. These allegations do not implicate protected liberty interests, *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995), as a basis of liability against New Mexico Defendants. Furthermore, a civil rights claim against a state official may not be based solely on a theory of vicarious liability for the actions of workers supervised by the official, *see Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 816-817 (10th Cir. 1981), much less for the actions of corrections officials in a receiving state. Accordingly, Plaintiff's claims against Defendants relating to Illinois prison programs and classification procedures will be dismissed for failure to state a claim upon which relief can be granted.

Last, Plaintiff contends that the conditions described in the complaint violated his rights under certain New Mexico state constitutional and statutory provisions. In view of the dismissal of Plaintiff's federal claims, the question arises whether this Court should exercise jurisdiction of the state law claims. It is assumed for purposes of this opinion that this Court has "supplemental jurisdiction" of these claims. 28 U.S.C. § 1367(a). The Court may, nonetheless, "decline to exercise

supplemental jurisdiction over a claim...if-- ...the district court has dismissed all claims over which it has original jurisdiction." § 1367(c). Because all federal claims have been dismissed, the Court declines to exercise jurisdiction of Plaintiff's state law claims.

IT IS THEREFORE ORDERED that Plaintiff's claims under federal law are DISMISSED with prejudice; Plaintiff's claims under state law are DISMISSED without prejudice; and an order of dismissal shall be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE